UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 13-5125 FMO | Date | August 25, 2014 |
|---|---|---|---|
| Title | In re: Martin and Diana Pemstein | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None | | None |

**Proceedings:**     (In Chambers) Order Re: Bankruptcy Appeal

Having reviewed and considered all the briefing filed with respect to appellant Martin Pemstein's ("Martin")[1] Appeal ("Appeal"), the court concludes that oral argument is not necessary to resolve the appeal. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## INTRODUCTION

Martin filed this appeal of the bankruptcy court's order granting Appellee Harold Pemstein's ("Harold") Motion to Dismiss Martin's Complaint for failure to state a claim upon which relief could be granted. (See Appellant's Opening Brief ("Martin Op. Br.") at 2). Martin filed Appellant's Designation of Record on Appeal listing six documents upon which his appeal is based:

(1) Complaint for Breach of Contract: Contempt of Court; and Declaratory Relief;
(2) Plaintiff's Objection to Motion for Dismissal of Complaint under Rule 12(b)(6); Declaration of Martin Pemstein in [S]upport Thereof;
(3) Defendant's Reply to Plaintiff's O[b]jection to Motion for Dismissal of Complaint Under Rule 12(b)(6);
(4) Separate Statement of Decision of Defend[]ant's Motion to Dismiss Adversary Complaint;
(5) Order Dismissing Complaint with Prejudice; and
(6) Plaintiff's Notice of Appeal.

(Appellant[']s Notice of Court Order to Show Cause Re: Dismissal for Lack of Prosecution at Exhibit ("Exh.") A). However, Martin did not include any of those documents with his Opening

---

[1] Because the parties share a surname, the court will reference the parties by their first names.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5125 FMO | Date | August 25, 2014 |
|---|---|---|---|
| Title | In re: Martin and Diana Pemstein | | |

Brief.[2]  (See, generally, Martin Op. Br.).

Harold filed Appellee's Opening Brief addressing the eight issues Martin raised in his Opening Brief.[3]  (See Appellee's Opening Brief ("Harold Op. Br.") at 1).  Along with his Opening Brief, Harold filed a 131-page Excerpts of the Record which included:

> (1) Appellant's (Plaintiff's) Summons and Complaint for Breach of Contract, Contempt of Court and Declaratory Relief;
> (2) Appellee's (Defendant's) Notice of Motion for Dismissal of Complaint Pursuant to Rule 12(b)(6);
> (3) Appellee's (Defendant's) Motion to Dismiss Plaintiff's Adversary Action; Memorandum of Points and Authorities; Request for Judicial Notice In Support Thereof;
> (4) Appellant's (Plaintiff's) Objection to Motion For Dismissal of Complaint Under Rule 12(b)(6); Declaration of Martin Pemstein in Support Thereof;
> (5) Appellee's (Defendant's) Supplemental Brief On Motion to Dismiss Plaintiff's Adversary Action Regarding Subject Matter Jurisdiction;
> (6) Appellant's (Plaintiff's) Brief In Support of The Court Jurisdiction; Memorandum of Points and Authorities and Declaration of Martin Pemstein In Support Thereof;
> (7) BK Court's Order Dismissing Complaint With Prejudice;
> (8) BK Court's Separate Statement of Decision on Defendant's Motion to Dismiss Adversary Complaint;
> (9) Appellant's Notice of Appeal; and
> (10) Appellant's Statement of Issues on Appeal.

(See ER at I-ii).  Martin subsequently filed Appellant's Reply Brief ("Martin Reply Br.").

---

[2]  Martin filed Appellant's Designation of Record on Appeal and Appellant[']s Transcript Order Notice as exhibits in his response to the court's Order to Show Cause Re: Dismissal for Lack of Prosecution.  (See Appellant[']s Notice of Court Order to Show Cause Re: Dismissal for Lack of Prosecution at Exhs. A & B).

[3]  Although Martin raised ten issues in his Statement of Issues on Appeal, he only addressed eight issues in his Opening Brief.  (Compare Appellee's Excerpts of the Record ("ER") at 129-130 ("Statement of Issues on Appeal") to Martin Op. Br. at 2-4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5125 FMO | Date | **August 25, 2014** |
|---|---|---|---|
| Title | In re: Martin and Diana Pemstein | | |

## BACKGROUND

I. PROCEDURAL HISTORY.

This matter arises from the November 2005 bankruptcy and dissolution of HMS Holding Company ("HMS Bankruptcy") which was a general partnership between Martin and Harold. (See ER at 7-10 ("Complaint"); see id. at ¶¶ 4 & 6-7). HMS Holding Company was dissolved pursuant to a stipulation between the parties, which was approved by the bankruptcy court. (See id. at Exhs. 1 & 2).

Martin originally filed this action against Harold in the United States Bankruptcy Court for the Central District of California, for breach of contract, contempt of court, and declaratory relief. (See Complaint; ER at 115-22). In his Complaint, however, Martin only addressed his claims for breach of contract and declaratory relief. (See Complaint at ¶¶ 11-20). Martin's first cause of action for breach of contract was premised on Harold's "attempt[ ] to enforce the state court judgment [entered on January 5, 2010] in the [separate] bankruptcy matter of Martin and Diana Pemstein [('State Court Judgment').]" (Id. at ¶ 14; see ER at 116). According to Martin, Harold's attempt to enforce the State Court Judgment violated the stipulation approved in the HMS Bankruptcy. (See Complaint at ¶ 14 & Exh. 2). Martin claims that the State Court Judgment awarded Harold unpaid rent in excess of the amount stipulated to by the parties in the HMS bankruptcy. (See id. at ¶¶ 12-14). Martin's second cause of action seeks a declaration of Martin's rights and duties, presumably pursuant to the bankruptcy court's order in the HMS Bankruptcy, and as to the enforceability of the State Court Judgment. (See id. at ¶ 19).

In the decision below, the bankruptcy court dismissed Martin's Complaint on several grounds. (See ER 115-22 ("Bankruptcy Court Decision")). First, the court found that Martin's Complaint was barred by the doctrine of claim preclusion. (See id. at 4).[4] The court concluded that Martin's causes of action sought damages against Harold based on Harold's assertion of his creditor claim arising from the State Court Judgment; that the bankruptcy court had allowed the creditor claim in prior litigation involving the same parties; and that the prior orders were final judgments on the merits. (See id.). Second, the bankruptcy court found that Martin's Complaint was also barred by issue preclusion. (See id. at 5). The court reasoned that the Complaint was "seeking to litigate the validity of [Harold's] allowed creditor claim, which is the same issue already determined by [ ] prior [ ] litigation[.]" (Id.).

Finally, the bankruptcy court found that Harold's Motion to Dismiss should also be granted on the separate ground of judicial estoppel. (See Bankruptcy Court Decision at 6). The

---

[4] Page citations to the Bankruptcy Court Decision are to the pagination of the original document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5125 FMO | Date | **August 25, 2014** |
|---|---|---|---|
| Title | In re: Martin and Diana Pemstein | | |

bankruptcy court noted that Martin's causes of action in the Complaint were all based on alleged misconduct which occurred between 2006 and 2009. (See id. at 7). Neither Martin's bankruptcy schedules filed on May 10, 2010, nor Martin's plan of reorganization filed on January 21, 2011 (supplemented on March 31, 2011), nor the disclosure statement filed on November 16, 2010 (supplemented on January 5, 2011), listed the causes of action asserted in the Complaint. (See id.). Because the causes of action existed at the time of Martin's 2010 bankruptcy petition and were not raised in the plan of reorganization or otherwise disclosed, the bankruptcy court held that Martin was judicially estopped from asserting those causes of action. (See id.).

### STANDARD OF REVIEW

When reviewing a bankruptcy court's decision, "'a district court functions as [an] appellate court and applies the standard of review generally applied in federal court appeals.'" In re Crystal Props., Ltd., L.P., 268 F.3d 743, 755 (9th Cir. 2001) (quoting In re Webb, 954 F.2d 1102, 1103-04 (5th Cir. 1992)). "A district court reviews a bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code de novo." In re Orange County Nursery, Inc., 439 B.R. 144, 148 (C.D. Cal. 2010). Factual findings are reviewed for clear error, and the court "must accept the bankruptcy court's findings of fact unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge." In re Greene, 583 F.3d 614, 618 (9th Cir. 2009); see Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

"[T]he bankruptcy court's evidentiary rulings [are reviewed] for an abuse of discretion." Latman v. Burdette, 366 F.3d 774, 786 (9th Cir. 2004), abrogated on other grounds, Law v. Siegel, 134 S.Ct. 1188, 1194 (2014). "To reverse on the basis of an erroneous evidentiary ruling, [the court] must conclude both that the bankruptcy court abused its discretion and that the error was prejudicial." Id. On appeal, the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The district court may affirm a bankruptcy court's order "on any ground supported by the record, even if it differs from the ground relied upon by the bankruptcy court." Thrifty Oil Co. v. Bank of Am. Nat. Trust and Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003).

The bankruptcy court's dismissal of an adversary proceeding for failure to state a claim under Civil Rule 12(b)(6) is reviewed de novo. See N.M. State Inv. Council v. Ernst & Young LLP, 641 F.3d 1089, 1094 (9th Cir. 2011); Schultze v. Chandler, 2014 WL 3537030, *4 n. 1 (9th Cir. 2014) ("the bankruptcy court dismissed Chandler's complaint for failure to state a claim, and the district court reviewed this dismissal de novo. . . . As such, Plaintiffs received all the review Article III requires."). A denial of leave to amend is reviewed for abuse of discretion. See Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5125 FMO | Date | **August 25, 2014** |
|---|---|---|---|
| Title | In re: Martin and Diana Pemstein | | |

**DISCUSSION**

I.   ADEQUATE RECORD.

Federal Rule of Bankruptcy Procedure "8006 governs the preparation of the record on appeal[.]" In re Frye, 389 B.R. 87, 89 (B.A.P. 9th Cir. 2008). It requires an appellant to submit a:

> record on appeal [that] include[s] the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense.

Fed. R. Bank. P. 8006 ("Rule 8006").[5] An appellant must also include in the excerpts of record whatever "transcripts [are] necessary for adequate review in light of the standard of review to be applied to the issues[.]" See Ninth Cir. B.A.P. Rule 8006-1.

When an appellant fails to provide the reviewing court with the relevant transcripts, the reviewing court has discretion to dismiss the appeal. See In re Kyle, 317 B.R. 390, 393 (B.A.P. 9th Cir. 2004), aff'd, 170 F.App'x 457 (9th Cir. 2006) ("The settled rule on transcripts in particular is that failure to provide a sufficient transcript may, but need not, result in dismissal or summary affirmance and that the appellate court has discretion to disregard the defect and decide the appeal on the merits."). "Although summary dismissal is within the [reviewing court]'s discretion, it 'should first consider whether informed review is possible in light of what record has been provided.'" In re Beachport Entm't, 396 F.3d 1083, 1087 (9th Cir. 2005) (quoting In re Kyle, 317 B.R. at 393). "In determining whether to dismiss summarily an appeal for non-compliance with a procedural rule, the [reviewing court] must consider the impact of the sanction, alternative sanctions, and the relative culpability of the appellant and his attorney, because dismissal may inappropriately punish the appellant for the neglect of his counsel." In re Beachport Entm't, 396 F.3d at 1087 (internal quotation marks omitted); see also In re Morrissey, 349 F.3d 1187, 1190 (9th Cir. 2003) ("When imposing sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault.") (internal quotation marks omitted).

---

[5]   Rule 8006 has been amended by congressional order, and it is effective in its current iteration until December 1, 2014. See Fed. R. Bank. P. Rule 8006; 2014 U.S. Order 0011 (C.O. 0011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5125 FMO | Date | **August 25, 2014** |
|---|---|---|---|
| Title | **In re: Martin and Diana Pemstein** | | |

The bankruptcy court below based its decision to dismiss Martin's Complaint on the doctrines of issue preclusion, claim preclusion, and, alternatively, judicial estoppel. (See Bankruptcy Court Decision at 4-7). In its decision, the bankruptcy court cited to several documents and proceedings that took place in relation to the state court proceedings. (See, e.g., id. at 2). It noted that Harold filed a proof of claim in the State Court Judgment which Martin "objected to . . . [which objection] was fully litigated, including evidentiary hearings in which both [Harold and Martin] participated, and [Harold's] claim was allowed by final orders of [the] court[.]" (Id.). The bankruptcy court also referenced Martin's Chapter 11 reorganization plan which Harold "objected to[, which] objection . . . was fully litigated by the parties, including an evidentiary hearing in which both [Martin and Harold] participated[, and] was confirmed by final order of [the] court[.]" (Id.). The bankruptcy court found these proceedings conclusive, and determined that "[t]he doctrine of claim preclusion [was] applicable [ ] because the court's orders allowing defendant's creditor claim involve the same cause of action since [Martin] in this adversary proceeding seeks damages based on [Harold's] assertion of [Harold's] creditor claim[.]" (Id. at 4).

Additionally, the bankruptcy court concluded that Martin's claims were barred by the doctrine of issue preclusion because "[i]n this adversary action, [Martin] is seeking to litigate the validity of [Harold's] allowed creditor claim, which is the same issue already determined by the plan confirmation litigation resulting in an order for payment of [Harold's] creditor claim." (Bankruptcy Court Decision at 5). Finally, the bankruptcy court held, in the alternative, that Martin's Complaint should be dismissed based on judicial estoppel, because Martin was "asserting [ ] causes of action in [this] adversary complaint against [Harold that could have but] were not raised in the plan of reorganization or otherwise disclosed in debtors' bankruptcy schedules or disclosure statement." (Id. at 7).

Here, Martin did not provide the court with an Excerpts of Record. (See, generally, Martin Op. Br.). Harold's Excerpts of Record supplemented Martin's Appeal and included many documents without which Martin's Appeal would have been completely unintelligible to the court. (See ER at 1-131). Nevertheless, Harold's Excerpts of Record did not contain the State Court Judgment, the bankruptcy court's orders allowing the creditor claim, Martin's reorganization plan, or any of the transcripts or evidence presented in the various evidentiary hearings. (See, generally, id.). The bankruptcy court explicitly cites to these documents as the basis of its decision to dismiss Martin's Complaint. (See Bankruptcy Court Decision at 4-7). Further, Martin's argument on appeal is premised on the fact that his causes of action in the Complaint are distinct from the issues adjudicated in the earlier proceedings.[6] (See Martin Op. Br. at 5-6) ("[T]he Judge

---

[6]   Aside from the bankruptcy court's legal conclusions, Martin also takes issue with the bankruptcy court for not having provided him an opportunity to argue against Harold's Motion to Dismiss. (See Martin Op. Br. at 4). Martin points to the fact that Harold did not provide transcripts of those hearings as proof that the bankruptcy court did not hear arguments on Harold's Motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-5125 FMO** | Date | **August 25, 2014** |
|---|---|---|---|
| Title | **In re: Martin and Diana Pemstein** | | |

applied the doctrine of claims preclusion improperly. . . . [T]he identity of this claim is **not** the same as any claim previously pled in any cases between these parties. . . . The plaintiff [Martin] is **not** seeking to litigate the validity of defendant's [Harold's] creditor claim.") (all emphasis in the original).

Martin has not met the requirements of Rule 8006, as he failed to submit any excerpts of record. See Fed. R. Bankr. P. 8006 ("The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court."); see also In re Ceniceros, 2012 WL 2017969, *6 (B.A.P. 9th Cir. 2012) (appellant's "record on appeal omits the bankruptcy court's factual findings and legal conclusions, which renders the record incomplete as a matter of law."). In addition to the documents specifically delineated by Rule 8006, Martin should have provided the documents underpinning the decision Martin appeals here. See In re Clinton, 449 B.R. 79, 82 (B.A.P. 9th Cir. 2011) ("Debtor had the burden of filing an adequate record to allow review of the orders she appeals."). Martin may be proceeding pro se, but "[p]ro se litigants are not excused from complying with these rules." Id. at 83; see also Ninth Cir. B.A.P. Rule 9010-2 (requiring pro se parties to "prosecute the appeal with diligence.").

The court's "efforts at economy and efficiency are hindered[ ] where parties indiscriminately omit important documents[.]" In re Burkhart, 84 B.R. 658, 661 (B.A.P. 9th Cir. 1988). Martin's record, even despite being supplemented with Harold's excerpts of record, is insufficient to enable this court to conduct a de novo review of the decision below. Reviewing the bankruptcy court's order necessitates the State Court Judgment and any document or evidence of that proceeding that informed the bankruptcy court's review in relation to Martin's Complaint. (See Bankruptcy Court Decision at 1-7). Here, Martin's claims are based on and relate to separate legal proceedings that are not themselves in the excerpts of record and as to which this court lacks the bankruptcy court's familiarity, so the defects in the excerpts of record hamper this court's de novo review. See In re Ames Dep't Stores, Inc., 320 B.R. 518, 522 (Bankr. S.D.N.Y. 2005) ("[T]he touchstone for the designation of matter as part of the record is whether the matter was before the lower court (or at least considered by that court) in entering the order or judgment appealed from.").

---

to Dismiss. (See Martin Reply Br. at 4). However, Martin misunderstands the burden, for it is incumbent upon him, the appellant, to provide all relevant transcripts of the hearings to support his argument that the court did not hear oral argument on the substance of the issues. See In re Massoud, 248 B.R. 160, 163 (B.A.P. 9th Cir. 2000) ("It is appellants' responsibility to provide an adequate record, and they have the burden of showing the bankruptcy court's findings of fact clearly erroneous."). In any event, Martin's argument, even assuming he had provided an adequate record, is plainly without merit because a bankruptcy "court may provide for submitting and determining motions on briefs, without oral hearings." Fed. R. Civ. P. 78(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5125 FMO | Date | **August 25, 2014** |
|---|---|---|---|
| Title | In re: Martin and Diana Pemstein | | |

It is not the duty of the court to develop a party's arguments for him, find the legal authority to support those arguments, excavate the procedural catacombs of other related proceedings, or guess at what part of the record may be relevant to the appellant's appeal. See In re Morrissey, 349 F.3d at 1189. "Without an adequate record, [this court is] entitled to conclude that the bankruptcy court did not err and may affirm the bankruptcy court's judgment." In re Lockwood, 2007 WL 7541005, *9 (B.A.P. 9th Cir. 2007). "[T]he inadequacy of the record and the briefing [in this case] afford[s this court] little choice but to affirm summarily[.]" In re Morrissey, 349 F.3d at 1191 (affirming the BAP's summary affirmation of the bankruptcy court's decision where appellant failed to provide an adequate record); In re O'Brien, 312 F.3d 1135, 1137 (9th Cir. 2002) ("[T]he failure to present a sufficient record can itself serve as a basis for summary affirmance.").[7]

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. The bankruptcy court's decision in the above-referenced case is affirmed.

2. Appellant's appeal is **dismissed** and judgment shall be entered accordingly.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |

---

[7] The court construes Martin's request for this court to remand the action "to allow plaintiff to amend the complaint[,]" (Martin Op. Br. at 9), as a claim that the bankruptcy court abused its discretion in dismissing the action with prejudice. Martin's inadequate record prohibits this court's review on this matter as well. See, e.g., Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv., 422 F.3d 782, 798 (9th Cir. 2005) ("The abuse of discretion standard requires that we not reverse a [lower] court's exercise of its discretion unless we have a definite and firm conviction that the [lower] court committed a clear error of judgment in the conclusion it reached.") (internal quotation marks omitted).